# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ESAU DOZIER, | ) | Case No.: 2:08-cv-00625-GMN-GWF |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| DWIGHT NEVEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

This case arises out of an attack against Plaintiff by another inmate at the High Desert State Prison ("HDSP").  Pending before the Court is Defendant Dwight Neven's Motion to Dismiss (ECF No. 21).  For the reasons given herein, the Court grants the motion without prejudice.

## I.   FACTS AND PROCEDURAL HISTORY

On May 9, 2006, Plaintiff Esau Dozier was attacked with a box cutter by fellow inmate and non-party Odell McCoy. (Second Am. Compl. 4-A, ECF No. 16.)  Plaintiff alleges that Defendants are liable for constitutional negligence in providing box cutters at the HDSP canteen and for deliberate indifference for failure to protect Plaintiff from McCoy.

Plaintiff sued Defendants Dwight Neven (HDSP Warden), Doe Defendants Mark LNU, Joe LNU, and Joann LNU (HDSP canteen workers), and the Medical Response Team ("MRT") in this Court on May 14, 2008. (*See* Compl., ECF No. 1.)  The Second Amended Complaint ("SAC") alleges three causes of action: (1) Eighth and Fourteenth Amendment violations (against Dwight Neven); (2) Eighth and Fourteenth Amendment violations (against the Doe Defendants); and (3) Eighth and Fourteenth Amendment violations (against the MRT).  These

claims are all brought under 42 U.S.C. § 1983.

Neven has moved to dismiss the SAC: (1) under the statute of limitations; (2) for failure to exhaust administrative remedies; and (3) for failure to state a claim. The Court will address the first two, and need not reach the third.

## III.   LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l. v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, a court takes all material allegations as true and construes them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents

whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## IV.     ANALYSIS

### A.     Statute of Limitations

The applicable statute of limitations for section 1983 actions, regardless of the facts or legal theory underlying a particular case, is the forum state's statute of limitations for personal injury actions.  *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999) (citing *Wilson v. Garcia,* 471 U.S. 261, 276 (1985)).[1]  In Nevada, the statute of limitations for filing a personal injury action is

---

[1]  Plaintiff's citation to *Mason v. Schaub*, 564 F.2d 308 (9th Cir. 1977) in support of the proposition that the applicable statute of limitations should be three years is not persuasive here, as that case was effectively overruled by *Wilson* eight years after it was decided.

two years.  Nev. Rev. Stat. § 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989).

Federal courts also apply the forum state's law regarding tolling--including equitable tolling--

when it is not inconsistent with federal law. *See Fink*, 192 F.3d at 913–14.  Federal law does,

however, determine when a claim accrues for a section 1983 action. *See Elliott v. City of Union

City*, 25 F.3d 800, 801–02 (9th Cir. 1994).  A claim accrues when the plaintiff knows, or should

know, of the injury on which the cause of action is based. *See Kimes v. Stone*, 84 F.3d 1121,

1128 (9th Cir. 1996).

Plaintiff alleges that the acts that violated his civil rights occurred prior to or on May 9,

2006.  Due to the applicable two-year statute of limitations in Nevada, Plaintiff would ordinarily

have had until May 10, 2008 to file a claim based on these acts.  However, Plaintiff did not file

his lawsuit until May 14, 2008--four days after the applicable deadline.  In light of this,

Defendant has moved to dismiss Plaintiff's complaint as barred by the statute of limitations.

When a motion to dismiss is brought on the ground that the Plaintiff's complaint is

untimely, "a complaint cannot be dismissed unless it appears beyond a doubt that the plaintiff

can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc.

v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995). "The sole issue is whether the complaint,

liberally construed in light of our 'notice pleading' system, adequately alleges facts showing the

*potential* applicability of the equitable tolling doctrine." *Cervantes v. City of San Diego*, 5 F.3d

1273, 1277 (9th Cir. 1993).  Here, Plaintiff has alleged facts sufficient to show the potential

applicability of the equitable tolling doctrine.

In determining whether to equitably toll a statute of limitations for a lawsuit filed under

section 1983, a court applies the tolling doctrines of the forum state.  *See Trimble v. City of Santa

Rosa*, 49 F.3d 583, 585 (9th Cir. 1995); *Cervantes*, 4 F.3d at 1275.  In Nevada, "in situations

where the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate." *Sieno v. Employers Ins. Co. of Nevada*, 111 P.3d 1107, 1112 (Nev. 2005) (internal quotation marks omitted). Though this doctrine was originally adopted in the context of antidiscrimination suits, it has since been extended to operate in other areas of law. *Id.*; *U.S. Equal Employment Opportunity Commission v. Caesars Entertainment*, No. 02:05-cv-00427-LRH-PAL, 2006 WL 47632, at *3 (D. Nev. Apr. 25, 2006).  One instance in which this Court has found it to apply is during the pendency of administrative remedies made mandatory by the Prison Litigation Reform Act ("PLRA") at 42 U.S.C. § 1997e. *Wisenbaker v. Farwell*, 341 F. Supp. 2d 1160, 1165 (D. Nev. 2004).  In *Wisenbaker*, the Court tolled the statute of limitations for the period of time during which the prisoner-plaintiff was pursuing administrative remedies for the civil rights violations he alleged, thereby effectively lengthening the statute of limitations. *Id.*  Because this is also a prisoner civil rights case, *Wisenbaker* is directly applicable here.  Therefore, just as the statute of limitations was tolled while the prisoner pursued administrative remedies in that case, so too should the statute be tolled for the period during which Plaintiff was pursuing administrative remedies in this case, if Plaintiff actually did so.

From the face of the Complaint, it appears as though Plaintiff did seek administrative remedies before filing this lawsuit.  On page eight of the section 1983 form that serves as the template for his Second Amended Complaint, Plaintiff alleges--and, at this stage in the proceedings, the Court assumes to be true--that he filed three grievances related to the circumstances underlying this lawsuit: the first on May 5, 2006; the second on June 6, 2006; and the third on June 11, 2006. (ECF No. 16.)  Reading these allegations with the required liberality, this Court cannot say that Plaintiff will be unable to establish that the statute of limitations was

tolled for more than the four days past which Defendant claims this lawsuit exceeded the statute of limitations.  If Plaintiff is able to show that he had to wait even two days before he received a response to each of his grievances, then this lawsuit is not time-barred, as the statute of limitations would have been tolled for six days.  Accordingly, the Court denies Defendant's motion to dismiss on the grounds that this suit violated the statute of limitations.

### B.       Failure to Exhaust Administrative Remedies

In the Ninth Circuit, the failure to exhaust administrative remedies that are not jurisdictional is treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion, rather than a Rule 12(b)(6) motion or a motion for summary judgment. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119–20.  If the court concludes that the prisoner has not exhausted nonjudicial remedies, then the proper remedy is dismissal of the claim without prejudice. *Id.* at 1120.

Under PLRA, a prisoner must exhaust administrative remedies before bringing a lawsuit concerning prison conditions. 42 U.S.C. § 1997e(a).  Merely filing a few grievances is not enough, if the procedures of the department of corrections require more.  The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002) (unanimously affirming a district court's dismissal of section 1983 claims based on an alleged beating by prison guards, because the plaintiff failed to exhaust administrative remedies).  Failure to exhaust under section 1997e(a) is not a pleading requirement, but an affirmative defense, with the burden of proof on a defendant.

*Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).

Defendant has attached the affidavit of Deputy Attorney General Jill C. Davis in support of the authenticity of a report of Plaintiff's grievance records ("Plaintiff's Inmate Issue History") that is also attached. (*See* Davis Aff., ECF No. 21-2 at 2; Dozier Inmate Issue History, ECF 21-2 at 3). Plaintiff's Inmate Issue History indicates the following grievance on June 19, 2006: "Inmate is complaining that he should get compensation from the state for his injuries because the state failed to pat down an inmate and that is how he got the razor." (*See id.*). However, this grievance, without more, is insufficient to exhaust the administrative remedies available to Plaintiff. As Defendant notes, Administrative Regulation 740 ("AR 740") requires three levels of appeal. First, an inmate must file an Informal Grievance. (*See* AR 740 §1.1.1.1, ECF No. 21-1), which Plaintiff appears to have done here, (*see* Dozier Inmate Issue History (listing the relevant grievance as "IF" level, for "informal")). An Informal Grievance is to be reviewed by caseworkers with the help of other personnel. (*See* AR 740 § 1.1.1.1). If denied, an inmate must file a First Level Grievance. (*See id.* § 1.1.1.2). The First Level Grievance is to be addressed by the warden of the institution where the inmate is incarcerated. (*See* AR 740, § 1.1.1.2). If that is denied, an inmate must file a Second Level Grievance, to be addressed by one of several state-level officials at the Nevada Department of Corrections. (*See* AR 740, § 1.1.1.3). Plaintiff's Inmate Issue History indicates no grievances above the informal level, meaning that he never undertook the second and third steps required for a complete administrative appeal. Plaintiff's conclusory allegations in his Response (ECF No. 25) that he "did in fact exhaust all administrative remedies" are not sufficient to rebut this evidence of him failing to exhaust his nonjudicial remedies. Thus, the Court finds that Plaintiff failed to exhaust his administrative remedies and grants Defendant's Motion to Dismiss without prejudice.

1

**CONCLUSION**

2

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (ECF No. 21) is

3

GRANTED without prejudice.  This Order renders moot Plaintiff's Motion Requesting Full

4

Discovery (ECF No. 26).

5

DATED this 30th day of September, 2010.

6

7

8

_____

9

Gloria M. Navarro
United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25